**Jordan K. Cameron (12051)**
**CAMERON RINGWOOD, LC**
Counsel for Plaintiff
6975 S Union Park Ave. Suite 600
Cottonwood Heights, Utah 84047
Telephone: (385) 463-2524
E-mail: *jordan@cameronringwood.com*

UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ORIGINS TECH INC., a Delaware corporation,<br><br>         Plaintiff,<br><br>vs.<br><br>OAK EQUITY HOLDINGS II, LLC, a California limited liability company; LE ERIK MURRAY, an individual,<br><br>         Defendants. | **NOTICE OF INSUFFICIENCY OF EVIDENCE TO SUPPORT OPPOSITION TO JURISDICTION MOTION [DOC 6], MOTION FOR LEAVE TO CONDUCT JURISDICTIONAL DISCOVERY, MOTION TO STAY RESPONSE DEADLINES FOR MOTION TO DISMISS UNTIL AFTER A RULING ON THIS MOTION**<br><br>Case No.: 2:23-cv-00326-TS-DAO<br><br>Judge Ted Stewart<br>Magistrate Judge Daphne A. Oberg |

COMES NOW Plaintiff Origins Tech, Inc. ("Origins"), and respectfully submits this

*Notice of Insufficiency of Evidence to Support Opposition to Jurisdiction Motion [Doc 6]*,

*Motion for Leave to Conduct Jurisdiction Discovery*, and *Motion to Stay Deadline to Respond to*

*Motion to Dismiss until after ruling on this Motion*.

1

**Requested Relief**

On May 19, 2023, Defendants removed this case from State Court to Federal Court. Thereafter, on May 26, 2023, Defendants filed a *Motion to Dismiss* for, *intern alia*, lack of personal jurisdiction (the "*Motion to Dismiss*"). Origins respectfully notifies this Court of an insufficiency of evidence to properly address facts raised in the *Motion to Dismiss*, respectfully requests leave to conduct jurisdictional discovery, and a stay of response deadlines for the *Motion to Dismiss* until after this Court rules on this *Motion*. If granted, Origins anticipates that discovery will likely include written discovery and possibly a single deposition. Origins expects discovery to take 90 days.

**Argument**

I.   THE COURT SHOULD PERMIT JURISDICTIONAL DISCOVERY

It is well settled that "When a defendant moves to dismiss for lack of jurisdiction, either party should be allowed discovery on the factual issues raised by that motion." *Sizova v. Nat. Institute of Standards and Technology*, 282 F.3d 1320, 1326 (10th Cir. 2002). Further, "A refusal to grant discovery constitutes an abuse of discretion if the denial results in prejudice to a litigant. Prejudice is present where 'pertinent facts bearing on the question of jurisdiction are controverted ... or where a more satisfactory showing of the facts is necessary.'" *Id*.[1]

As an illustrative example, but not an exhaustive list, Origins identifies the following areas of dispute where discovery is needed to present a more satisfactory showing of the facts.

---

[1] Citing *First City,Texas–Houston, N.A. v. Rafidain Bank*, 150 F.3d 172, 176–77 (2d Cir.1998); *Filus v. Lot Polish Airlines*, 907 F.2d 1328, 1332 (2d Cir.1990); *Majd–Pour v. Georgiana Cmty. Hosp., Inc.*, 724 F.2d 901, 903 (11th Cir.1984); *Canavan v. Beneficial Fin. Corp.*, 553 F.2d 860, 865 (3d Cir.1977); *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n. 24 (9th Cir.1977).

To identify these topics, Origins relies on the *Declaration of LeErik Murray* [Doc 6-3] submitted in support of Defendants' *Motion to Dismiss*. Specifically:

1. Murray claims he does not own a business in Utah and that he does not carry on a business or business venture in Utah. (*See Murray Decl.* 6-3, ¶¶ 4-5). Yet, Mr. Murray is an owner of Origins Tech, which is headquartered in Utah. In fact, Mr. Murray's obtaining ownership in Origins dovetails with the transactions at issue in the *Complaint*. Origins does not have the benefit of the transactional documents and communications between Mr. Murray and his other partners leading up to, and as part of, their deal with Origins. Discovery on this issue is likely to reveal corporate records, organization documents, governance documents, and communication between Mr. Murray and his partners that demonstrate: (1) their knowledge and understanding that in joining Origins, they were intentionally doing business with a company operating from Utah, and (2) their vesting agency authority to Mr. Murray or other partners to act on behalf of their business in conducting business with Origins in Utah.

2. Mr. Murray admits that he has communicated with Origins Tech's personnel, including its officers and agents, but does not speak to the substance of the communications. (*See Murray Decl.* at ¶ 16). Mr. Murray and/or his partners and agents have directed many communications to Origins' officers and others in Utah, such as accountants, regarding the business and the transactions forming the basis for the lawsuit. They have further made demands through prior counsel including for record inspection rights in Utah, which demands were sent to addresses in Utah. While Origins has access to communications directed at Mr. Bailey, Origins does not have access to the bulk of other communications sent to third-parties by Mr. Murray, his partners and agents. To that end, discovery of recorded communications (e.g. email, text)

between Mr. Murray, his partners and/or his attorneys, and Utah individuals and entities related to Origins Tech, OEH II, and the various transactions between the parties, are material to the jurisdictional challenge as they speak to the extend to which Defendants knowing conducted business in Utah and directed their activities into the forum.

3. Mr. Murray admits that he traveled to Utah several times including for a shareholder meeting for Origins Tech, but attempts to characterize this fact as immaterial. (*See Murray Decl.* 6-3, ¶ 6, 15). Discovery of Mr. Murray's calendars, notes, expenses, and other travel related documents, communications, and agendas, will be instructive as to the extent of Mr. Murray's visits to Utah and their correlation to his conducting business here and the claims at issue. Origins expects the evidence to identify additional intentional activity within the state of Utah regarding Defendants' transaction of business here.

Further, as part of its *Complaint*, Plaintiff alleges that Mr. Murray has directed OEH II not to repay money to Origins, and has also instructed third-parties not to engage in business with Origins, as the result of his personal vendetta against, a least, Mr. Bailey, a Utah resident and officer of Origins. Discovery into Mr. Murray's communications about Origins and its officers is likely to reveal the fact that Mr. Murray has knowingly directed harm into Utah based on a personally vendetta against Utah resident and company headquartered here, which effects he knew would be felt in Utah.

Based on the foregoing, this Court should permit jurisdictional discovery prior to requiring Plaintiff to respond to the *Motion to Dismiss*.

II. THE COURT SHOULD STAY DEADLINES ON THE MOTION TO DISMISS

Fed. R. Civ. P. 6 states, "When an act may or must be done within a specified time, the

court may, for good cause, extend the time . . . ." Presently, the opposition deadline for the *Motion to Dismiss* is June 23, 2023. Prior to filing this *Motion*, Plaintiff's counsel sought stipulation from Defendants' counsel to both conduct limited jurisdictional discovery and permit more time to respond to the *Motion to Dismiss*. Counsel refused to stipulate to jurisdictional discovery and only offered a week-long extension, which is insufficient time for Origins to compile records and data presently available to it to mount a proper response.

Because the deadline to respond has not yet passed, and due to this *Motion* which seeks leave to conduct discovery to develop facts to mount a defense to the jurisdiction challenge, good cause exist to extend the deadline for the *Motion to Dismiss*. Therefore, Plaintiff respectfully requests that this Court extend the deadline to the later of 14 days after a ruling on this *Motion,* in case of denial, or 14 days after the completion of limited jurisdictional discovery as permitted by the court in response to this *Motion*.

## Conclusion

Based on the foregoing, the Court should grant this *Motion*, permit limited jurisdictional discovery, and stay response deadlines to the *Motion to Dismiss* until discovery is completed. DATED this 19th day of June 2023.

CAMERON RINGWOOD, LC

/s/ Jordan K. Cameron
Jordan K. Cameron
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on June 19, 2023, I served the foregoing via ECF, which provided a copy to:

Jose A. Abarca
Polsinelli PC
2825 E Cottonwood Parkway, Suite 500
Salt Lake City, Utah 84121
Attorneys for Defendants

                                              /s/ Jordan K. Cameron
                                              Jordan K. Cameron