IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ORIGINS TECH, INC.,<br><br>                 Plaintiff,<br>v.<br><br>OAK EQUITY HOLDINGS II, LLC, et al.,<br><br>                 Defendants. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT AND DENYING DEFENDANTS' MOTION FOR LEAVE TO FILE SUR-REPLY<br><br>Case No. 2:23-cv-00326-TS-DAO<br><br>Judge Ted Stewart |

This case comes before the Court on Plaintiff's Motion for Leave to File Amended Complaint[1] and Defendants' Motion for Leave to File Sur-Reply.[2] For the reasons discussed herein, the Court will grant Plaintiff's Motion and deny Defendants' Motion.

I. BACKGROUND

On March 23, 2023, Plaintiff Origins Tech, Inc. filed this suit in Utah State Court against Defendants Oak Equity Holdings II ("Oak Equity") and Le Erik Murray. Subsequently, on May 19, 2023, Defendants removed the matter to federal court. The underlying facts involve Plaintiff entering into a Purchase Option Agreement ("Purchase Option Agreement") on April 27, 2021, with Murray, Sarah Sanger, and John Underwood who collectively own Oak Equity, which was a beneficiary and signatory to the agreement.[3] As part of this agreement and others, Murray

---

[1] Docket No. 16.

[2] Docket No. 27.

[3] Docket No. 1-2 ¶¶ 8–9, 11; Docket No. 6-1.

became a shareholder of Plaintiff.[4] Plaintiff agreed to lend money for Oak Equity to open a licensed cannabis retailer in San Francisco, named Lombard Street Equity, LLC ("Lombard Street"), in exchange for the right and option to purchase membership interests in Oak Equity.[5] The Purchase Option Agreement states that the parties agree and submit to jurisdiction and venue of the appropriate state or federal court for the district encompassing the purchaser's principal place of business.

Plaintiff deposited the loaned money directly to Lombard Street pursuant to a Senior Secured Credit Facility Agreement ("Credit Agreement") between Plaintiff and Lombard Street.[6] The Credit Agreement provides that interest accrued on any loan would be payable on a monthly basis, the interest rate would be 10% per annum, and after an event of default or nonpayment when due, the interest rate would increase to 17% per annum.[7] The Credit Agreement also states that the parties submit to jurisdiction of courts in Utah County, and the United States District Court for the District of Utah.

Plaintiff alleges that since May 2021, it has loaned Oak Equity approximately $900,000 through deposits directly to Lombard Street but has never received any interest payments.[8] Plaintiff also alleges that Oak Equity owes it $81,825 in unpaid interest and has called the entire

---

[4] Docket No. 1-2 ¶ 10.

[5] *Id.* ¶¶ 12–13.

[6] Docket No. 6-2.

[7] Docket No. 1-2 ¶¶ 15–17.

[8] *Id.* ¶ 18.

amount ($981,825) due as permitted under the Credit Agreement.[9] Additionally, Plaintiff asserts that Murray tortiously interfered with Plaintiff's business.[10]

In its original complaint, Plaintiff asserted the following claims based on these Agreements against Defendants: (1) Promissory Estoppel (Oak Equity), (2) Contract Implied in Fact (Oak Equity), and (3) Breach of Contract (Oak Equity), (4) Breach of Implied Good Faith and Fair Dealing (Oak Equity); and (5) Tortious Interference (Murray).

In May 2023, Defendants filed a Motion to Dismiss for Lack of Jurisdiction, Improper Venue, and Failure to State a Claim.[11] Plaintiff sought a stay to conduct jurisdictional discovery. The Court granted the request and permitted Plaintiff ninety days to do so.[12] Following the deadline, Plaintiff filed its Motion seeking to amend its complaint. Plaintiff references three additional agreements in its proposed amended complaint. First, Plaintiff seeks to add claims based on a Stock Purchase Agreement ("Stock Purchase Agreement") between Plaintiff and Murray, Underwood, and Sanger signed on April 27, 2021. In that Agreement, Murray, Underwood, and Sanger were granted stock in Plaintiff in exchange for their interests in and to Oak Equity Holdings, LLC, including its assets and intellectual property.[13] Oak Equity Holdings, LLC is not currently a party to this litigation, and Plaintiff is not seeking to add it by amendment. The Stock Purchase Agreement includes the same clause as the Purchase Option Agreement in which the parties submit to the jurisdiction and venue of the state or federal court for the district encompassing Plaintiff's principal place of business for any action brought to interpret or enforce

---

[9] *Id.* ¶¶ 19–22.

[10] *Id.* ¶¶ 68–72.

[11] Docket No. 6.

[12] Docket No. 15.

[13] Docket No. 24-1.

the agreement.[14] Second, Plaintiff seeks to include claims based on an Indemnification Agreement ("Indemnification Agreement") that was also executed on April 27, 2021. Plaintiff and Oak Holdings (a proposed new defendant) entered into an agreement concerning four guaranty agreements for leases in California.[15] The Indemnification Agreement also has a clause stating that courts in Utah have jurisdiction to decide and settle any dispute or claim arising from it.[16] Finally, Plaintiff seeks to add claims based on a Consulting Agreement ("Consulting Agreement") between Plaintiff and Melrose Associates, LLC (a proposed new party), of which Murray is the Manager.[17] The Consulting Agreement contains a clause in which the parties agree that state or federal courts in Salt Lake County, Utah, have exclusive jurisdiction.[18]

Plaintiff seeks to add the following parties to the amended complaint: Plaintiffs Seth Bailey and Sean Miller and Defendants Oak Holdings, LLC and Melrose Associates, LLC. Plaintiff is also seeking to add the following claims: (6) Breach of Contract against Murray and Melrose arising out of the Consulting Agreement; (7) Breach of Implied Covenant of Good Faith and Fair Dealing against Murray and Melrose arising out of the Consulting Agreement; (8) Fraudulent Inducement against Murray and Oak Holdings arising out of the Indemnification Agreement; (9) Defamation Per Se against Murray for alleged statements about Miller; (10) Defamation Per Se against Murray for alleged statements about Bailey; (11) Breach of the Stock

---

[14] *Id.* at 10.

[15] Docket No. 24-2, at 2.

[16] *Id.* at 4.

[17] Docket No. 24-3.

[18] *Id.* at 7.

Purchase Agreement against Murray; and (12) Breach of the Implied Covenant of Good Faith and Fair Dealing arising out of the Stock Purchase Agreement against Murray.[19]

Defendants oppose the proposed amendment. After the Motion was fully briefed, Defendants filed a Motion for Leave to File a Sur-Reply alleging that Plaintiff raised new arguments in its Reply.

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure instruct that "court[s] should freely give leave" to amend "when justice so requires."[20] "In the absence of . . . undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be freely given."[21]

## III. DISCUSSION

*A. Futility*

Defendants argue that Plaintiff's proposed amended complaint is futile and subject to dismissal and therefore the Motion should be denied. Leave to amend need not be freely given when the amendment would be futile.[22] "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal."[23] Defendants assert that the amendment is futile because it fails to sufficiently plead personal jurisdiction.

---

[19] Docket No. 16-1.

[20] Fed. R. Civ. P. 15(a)(2).

[21] *Foman v. Davis*, 371 U.S. 178, 182 (1962) (internal quotation marks omitted); *see also Frank v. U.S. W. Inc.*, 3 F.3d 1357, 1365–66 (10th Cir. 1993).

[22] *Foman*, 371 U.S. at 182.

[23] *DeHaan v. U.S.*, 3 F. App'x 729, 731 (10th Cir. 2001).

"To obtain personal jurisdiction over a nonresident defendant in a diversity action, a plaintiff must show that jurisdiction is legitimate under the laws of the forum state and that the exercise of jurisdiction does not offend the due process clause of the Fourteenth Amendment."[24] Utah's long-arm statute authorizes jurisdiction over non-resident defendants "to the fullest extent permitted by the due process clause of the Fourteenth Amendment to the United States Constitution."[25] Therefore, the personal jurisdiction analysis collapses into one inquiry: whether exercising jurisdiction comports with due process.[26]

"[T]o exercise jurisdiction in harmony with due process, defendants must have 'minimum contacts' with the forum state, such that having to defend a lawsuit there would not 'offend traditional notions of fair play and substantial justice.'"[27] Such "minimum contacts" may give rise to either general or specific personal jurisdiction.[28] "A state court may exercise general jurisdiction only when a defendant is 'essentially at home' in the State."[29] By contrast, specific jurisdiction applies when "in exchange for 'benefitting' from some purposive conduct directed at the forum state, a party is deemed to consent to the exercise of jurisdiction for claims related to those contacts."[30] The defendant must have taken some action "by which it purposely avails

---

[24] *Far W. Cap., Inc. v. Towne*, 46 F.3d 1071, 1074 (10th Cir. 1995).

[25] Utah Code Ann. § 78B-3-201(3).

[26] *ClearOne Comm'n, Inc. v. Bowers*, 643 F.3d 735, 763 (10th Cir. 2011) (explaining that the personal jurisdiction inquiry under the Utah long-arm statute is a due process one).

[27] *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008) (quoting *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945)).

[28] *Monge v. RG Petro-Mach (Grp.) Co.*, 701 F.3d 598, 613 (10th Cir. 2012).

[29] *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. ---, 141 S. Ct. 1017, 1024 (2021) (citation omitted).

[30] *Dudnikov*, 514 F.3d at 1078 (citing *Trujillo v. Williams*, 465 F.3d 1210, 1218 n.7 (10th Cir. 2006)).

itself of the privilege of conducting activities within the forum State" and the plaintiff's claims "must arise out of or relate to the defendant's contacts with the forum."[31]

In Plaintiff's proposed amendment it states that Origins is a Delaware business with its principal place of business in Salt Lake County, Utah.[32] It also states that Seth Bailey, a proposed new plaintiff, resides in Salt Lake County, Utah.[33] The proposed amendment states that proposed Defendants Oak Equity, Oak Holdings, LLC, and Melrose Associates are California limited liability companies, and Murray is a California resident. Further, the proposed amendment asserts that the five agreements discussed above contain clauses in which the parties agree to submit to jurisdiction of courts either in Salt Lake County, Utah or courts of the district where Origins has its principal place of business. Plaintiff argues that the amendment is not futile as the Court has personal jurisdiction vis-à-vis the consent to jurisdiction clauses agreed to by the parties.

Some of the agreements include clauses designating choice of law as Delaware. Applying Delaware law, a consent to jurisdiction does not require any further analysis to satisfy due process.[34] Applying law from this district, the result is the same, "[a] party may consent to personal jurisdiction . . . by agreeing to a forum selection clause contained in a contract."[35]

---

[31] *Ford Motor Co.*, 141 S. Ct. at 1024–25 (internal quotation marks and citations omitted).

[32] Docket No. 16-1, at 2.

[33] *Id.*

[34] *Solae, LLC v. Hershey Can., Inc.*, 557 F. Supp. 2d 452, 456 (D. Del. 2008); *Res. Ventures Inc. v. Res. Mgmt. Int'l, Inc.*, 42 F. Supp. 2d 423, 431 (D. Del. 1999).

[35] *Pure Energy Club, LLC v. Williams,* No. 1:10-CV-74 TS, 2011 WL 2579757, at *3 (D. Utah June 28, 2011); *see also Olivares v. C.R. England, Inc.*, No 2:22-cv-00123-JNP-JCB, 2022 WL 3025974, at *2 (D. Utah Aug. 1, 2022) (concluding that a clause stating that the claims or disputes arising from the contract at issue "shall be filed and adjudicated exclusively in a Federal

Even applying Utah Supreme Court precedent, which the parties both rely on, yields the same result: that this Court has personal jurisdiction over Defendants via their consent in contract. The Utah Supreme Court holds that,

> while a forum selection/consent-to-jurisdiction clause by itself is not sufficient to confer personal jurisdiction over a defendant as a matter of law, such clauses do create a presumption in favor of jurisdiction and will be upheld as fair and reasonable so long as there is a rational nexus between the forum selected and/or consented to, and either the parties to the contract or the transactions that are the subject matter of the contract.[36]

The rational nexus "need not meet the more rigorous minimum contacts standard utilized in those cases where a forum selection [or consent-to-jurisdiction] clause is not present."[37] While the nexus cannot merely be a "post office box maintained in Utah," the Utah Supreme Court concluded the rational nexus test was satisfied where the plaintiff's primary place of business was in Utah, even where the dispute resulted from an out-of-state building contract with an out-of-state party.[38]

Here, Plaintiff asserts that its principal place of business is Utah and that one of the proposed new plaintiffs, Seth Bailey, is a resident of Utah. Plaintiff's Reply states that all of Plaintiff's business is directed from Utah, its meetings are conducted in Utah, its accounts and financial records are in Utah, and, consequently, the alleged harm suffered to Plaintiff and Bailey, will be and has been suffered in Utah.[39] The Court finds this to be a sufficient showing at this stage that the Plaintiff's principal place of business is Utah. The Court also finds that it need not conduct a separate analysis of the defamation and tortious interference claims as pendent

---

or State court located in Salt Lake City, Utah. [Plaintiff] hereby consents to personal jurisdiction and venue in such courts" amounted to plaintiff to consenting to personal jurisdiction in Utah).

[36] *Phone Directories Co., Inc. v. Henderson*, 2000 UT 64, ¶ 14, 8 P.3d 256.

[37] *Jacobsen Const. Co. v. Teton Builders*, 2005 UT 4, ¶ 32, 106 P.3d 719.

[38] *Id.* ¶ 43.

[39] Docket No. 25, at 10.

personal jurisdiction applies since they arise from the same set of facts as those under the pertinent agreements.[40] Therefore, the Court finds that the proposed amended complaint is not futile.

However, Plaintiff must provide additional allegations that the parties are truly diverse to properly invoke this Court's subject matter jurisdiction. Plaintiff names three limited liability companies as Defendants. "For diversity purposes, a limited liability company 'takes the citizenship of all its members.'"[41] As such, Plaintiff must identify the members of the LLCS and their citizenship. Plaintiff's amended complaint must include this information or it may be subject to remand.

B. *Undue Delay*

Defendants argue that Plaintiff knew the facts upon which the proposed amended complaint are based at the time of filing the original complaint, and therefore, the Motion for Leave to Amend should be denied for undue delay.

"A party who delays in seeking an amendment is acting contrary to the spirit of the rule and runs the risk of the court denying permission because of the passage of time."[42] "The longer the delay, the more likely the motion to amend will be denied, as protracted delay, with its

---

[40] *United States. v. Botefuhr*, 309 F.3d 1263, 1272 (10th Cir. 2002) ("[O]nce a district court has personal jurisdiction over a defendant for one claim, it may 'piggyback' onto that claim other claims over which it lacks independent personal jurisdiction, provided that all the claims arise from the same facts as the claim over which it has proper personal jurisdiction.") (citation omitted).

[41] *Spring Creek Expl. & Prod. Co., LLC v. Hess Bakken Inv., II, LLC*, 887 F.3d 1003, 1014 (10th Cir. 2018) (quoting *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015)).

[42] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 (10th Cir. 2006) (internal quotation marks and citation omitted).

attendant burdens on the opponent and the court, is itself a sufficient reason for the court to withhold permission to amend."[43]

This case was filed in March 2023 and removed to this Court in May 2023. Plaintiff's Motion to Amend was filed in October 2023, after a stay for jurisdictional discovery. The Court does not find protracted delay in seeking the amendment.

*C. Bad Faith*

Defendants assert that Plaintiff seeks to amend its complaint in bad faith.[44] At the crux of the assertion is pending litigation in federal district court in California. There, Murray and Oak Holdings filed suit against Seth Bailey, Sean Miller, Oak Equity, and Origins in August 2023.[45] Murray and Oak Holdings argue that this case and the California case "differ drastically" as this litigation involves the Purchase Option Agreement, and the California litigation involves Miller and Bailey's "individual acts of fraud."[46] Bailey, Miller, Oak Equity, and Origins filed a Motion to Dismiss and to Quash Service of Summons alleging that Utah was a more appropriate forum for the case. Defendants here argue that Plaintiff is engaging in gamesmanship and forum shopping by seeking to amend its complaint in this case one day before the Response brief in the California litigation was due.[47]

"[A] movant's bad faith must be apparent from evidence of record,"[48] such as awareness of facts and failure to include them in the original pleadings in an effort to engage in tactical

---

[43] *Id.* (internal quotation marks and citations omitted).

[44] Docket No. 24, at 7.

[45] Docket No. 24-4.

[46] Docket No. 24-5, at 8–9.

[47] Docket No. 24, at 7.

[48] *Koch v. Koch Indus.*, 127 F.R.D. 206, 211 (D. Kan. 1989) (internal quotation marks and citation omitted).

10

maneuvers to force the court to consider theories seriatim.[49] The Court does not find that Plaintiff acted with "dishonesty of belief, purpose, or motive"[50] in seeking to amend its complaint. This is Plaintiff's first attempt to amend its complaint, and it did so while the case was still in its nascency. Based on these factors, the Court will grant the Motion and give Plaintiff leave to amend its complaint.

Defendants filed a Motion for Leave to File Sur-Reply shortly after Plaintiff filed its Reply. While "[g]enerally, the nonmoving party should be given an opportunity to respond to new material raised for the first time in the movant's reply," "[i]f the district court does not rely on the new material in reaching its decision,"[51] it need not allow the sur-reply.

Defendants assert that Plaintiff's Reply included a new assertion regarding connections between Murray and two proposed defendants and factual misrepresentations regarding the events surrounding Plaintiff's Motion for Leave to File First Amended Complaint.[52] The Court did not rely on these facts in reaching a decision and therefore will deny the Motion for Leave to File Sur-Reply.

Finally, the Court will deny Defendants' Pending Motion to Dismiss for (1) Lack of Personal Jurisdiction, (2) Improper Venue, and (3) Failure to State a Claim as moot. Defendants may refile motion(s) to dismiss if they so choose after Plaintiff has filed its amended complaint.

---

[49] *Id.* (internal quotation marks and citation omitted).

[50] *SMHG Phase I LL v. Eisenberg*, No. 1:22-cv-00035-DBB-JCB, 2023 WL 3821132, at *5 (D. Utah June 6, 2023) (quoting *Bad Faith*, Black's Law Dictionary (11th ed. 2019)).

[51] *Green v. New Mexico*, 420 F.3d 1189, 1196 (10th Cir. 2005) (internal quotation marks and citations omitted).

[52] Docket No. 27, at 2.

## IV. CONCLUSION

It is therefore

ORDERED that Plaintiff's Motion for Leave to File First Amended Complaint (Docket No. 16) is GRANTED. Plaintiff must file the Amended Complaint within fourteen (14) days of this Order. It is further

ORDERED that Defendants' Motion for Leave to File Sur-Reply (Docket No. 27) is DENIED. It is further

ORDERED that Defendant's Motion to Dismiss for Lack of Personal Jurisdiction, Improper Venue, and Failure to State a Claim (Docket No. 6) is DENIED AS MOOT.

DATED January 2, 2024.

BY THE COURT:

_____
TED STEWART
United States District Judge