UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| ORIGINS TECH, INC., a Delaware corporation; SETH BAILEY, a Utah resident; and SEAN MILLER, a Washington resident,<br><br>        Plaintiffs,<br><br>v.<br><br>OAK EQUITY HOLDINGS II, LLC, a California limited liability company; LEERIK MURRAY, an individual; OAK HOLDINGS, LLC, a California limited liability company; and MELROSE ASSOCIATES, LLC, a Kansas limited liability company,<br><br>        Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING UNOPPOSED MOTION FOR LEAVE FOR DEFENDANTS AND COUNTERCLAIM PLAINTIFFS TO SERVE OAK EQUITY HOLDINGS, LLC BY ALTERNATIVE MEANS (DOC. NO. 80)**<br><br>Case No. 2:23-cv-00326<br><br>District Judge Ted Stewart<br><br>Magistrate Judge Daphne A. Oberg |

This action relates to a Purchase Option Agreement involving some of the parties to this case.[1]  On July 12, 2024, Defendants/Counterclaim Plaintiffs Oak Equity Holdings II, LLC; LeErik Murray; Oak Holdings, LLC; and Melrose Associates, LLC (collectively, "Movants") filed counterclaims against Plaintiffs/Counterclaim Defendants Origins Tech, Inc.; Seth Bailey; and Sean Miller.[2]  Movants' answer also included a

---

[1] (*See generally* Am. Compl., Doc. No. 31.)

[2] (*See* Defs.' Answer to Pls.' First Am. Compl. and Countercls. 36–52, Doc. No. 54.)

1

claim against third-party Defendant Oak Equity Holdings, LLC ("OEH").[3]  Movants have now filed a motion for leave to serve this claim on OEH via email to OEH's registered agent.[4]  Plaintiffs/Counterclaim Defendants do not oppose the motion.[5]  As explained below, Movants were reasonably diligent in their attempts at service and their proposed methods of service are reasonably calculated to apprise OEH of this action. Accordingly, the motion for alternative service is granted.

<u>LEGAL STANDARDS</u>

Rule 4(e)(1) of the Federal Rules of Civil Procedure provides that service on an individual may be completed by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."[6]  Because this action was brought in the District of Utah, Utah law applies.

Under the Utah Rules of Civil Procedure, a corporation may be served "by delivering a copy of the summons and complaint to an officer, [or] a managing or general agent."[7]  But "[i]f the identity or whereabouts of the person to be served are unknown and cannot be ascertained through reasonable diligence . . . or if there is good

---

[3] (*See id.*)

[4] (*See* Unopposed Mot. to Extend Deadline and for Leave for Defs. and Countercl. Pls. to Serve Oak Equity Holdings, LLC by Alt. Means ("Mot."), Doc. No. 80.)

[5] (*See id.* at 2.)

[6] Fed. R. Civ. P. 4(e)(1).

[7] Utah R. Civ. P. 4(d)(1)(E).

cause to believe that the person to be served is avoiding service, the party seeking service may file a motion to allow service by some other means."[8]  The motion must include "[a]n affidavit or declaration supporting the motion [setting] forth the efforts made to identify, locate, and serve the party."[9]  The proposed method of service must be "reasonably calculated, under all the circumstances, to apprise the named parties of the action."[10]

<u>ANALYSIS</u>

Movants diligently attempted to locate and serve OEH, and the proposed means of service are reasonably calculated to apprise OEH of this action.  Movants first attempted to serve OEH at the Oakland, California address listed on OEH's California corporate filings as its registered agent's address.[11]  The process server indicated the property appeared vacant.[12]  Movants then attempted to serve OEH at another Oakland address identified in OEH's corporate filings as a former business address for OEH's registered agent.[13]  This address was also used to serve OEH in a previous case in California state court.[14]  The process server indicated no one at this address could

---

[8] Utah R. Civ. P. 4(d)(5)(A).

[9] *Id.*

[10] Utah R. Civ. P. 4(d)(5)(B).

[11] (Mot. 3, Doc. No. 80.)

[12] (*Id.*)

[13] (*Id.*)

[14] (*Id.* at 4.)

identify OEH or the registered agent.[15]  Next, Movants attempted to serve OEH at a Mill

Valley, California address which Movants identify as the registered agent's "last known

address."[16]  The process server indicated the property appeared vacant.[17]  Finally,

Movants attempted to serve OEH at the Redmond, Washington address listed as its

principal address on OEH's California corporate filings.[18]  The process server indicated

a company entitled "Origins" is located at this address, and none of the employees were

familiar with OEH.[19]  These attempts to serve OEH establish Movants have taken

"advantage of readily available sources of information" to locate and serve OEH.[20]

Additionally, the proposed method of service is reasonably calculated to apprise

OEH of this action.  Movants propose serving OEH through email to its registered

agent.[21]  The email address Movants identify bears the agent's name, and Movants

submitted screenshots indicating the agent communicated with Mr. Murray using the

---

[15] (*Id.*)

[16] (*Id.*)

[17] (*Id.*)

[18] (*Id.*)

[19] (*Id.*)

[20] *Jackson Constr. Co. v. Marrs*, 2004 UT 89, ¶ 20, 100 P.3d 1211 ("To meet the reasonable diligence requirement, a plaintiff must take advantage of readily available sources of relevant information. . . . In a case such as this, involving out-of-state defendants, a plaintiff might attempt to locate the defendants by checking . . . public records . . . .").

[21] (Mot. 5, Doc. No. 80.)

email address on January 1 and 3, 2025.[22]  Mr. Murray also submitted a declaration

attesting to the authenticity of the email screenshots.[23]  Under these circumstances,

service by email to OEH's registered agent is reasonably calculated to apprise OEH of

this action.[24]

## CONCLUSION

Because Movants have diligently attempted to locate and serve OEH, and the

proposed methods of service are reasonably calculated to apprise OEH of this action,

the motion for alternative service[25] is granted.  Movants may serve OEH by emailing a

summons, the complaint, and a copy of this order to OEH's registered agent's email

address provided in Movants' supplemental brief,[26] three times per week for two

consecutive weeks, not more often than once every other day (unless a reply is

received accepting service on behalf of OEH).  Service shall be deemed complete upon

---

[22] (*See* Suppl. to Unopposed Mot. to Extend Deadline and for Leave for Defs. and Countercl. Pls. to Serve Oak Equity Holdings, LLC by Alt. Means ("Suppl."), Doc. No. 92 at 9–12.)

[23] (*See* Ex. A to Suppl., Decl. of LeErik Murray, Doc. No. 92 at 6.)

[24] *See, e.g.*, *Inception Mining v. Mother Lode Mining*, No. 2:24-cv-00171, 2024 U.S. Dist. LEXIS 202524, at *5 (D. Utah Nov. 6, 2024) (unpublished) (finding email service reasonably calculated where the plaintiff communicated with the defendant using the email address).

[25] (Doc. No. 80.)

[26] (*See* Suppl., Doc. No. 92 at 2.)

completion of these steps.  Movants shall file proof of compliance with this order, and

the deadline to serve OEH is extended to February 18, 2025.

DATED this 21st day of January, 2025.

BY THE COURT:

_Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge