IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ORIGINS TECH, INC., a Delaware corporation; SETH BAILEY, a Utah resident; SEAN MILLER, a Washington resident,<br><br>　　　　　Plaintiffs/Counterclaim Defendants,<br>v.<br><br>OAK EQUITY HOLDINGS II, LLC, a California limited liability company; LE ERIK MURRAY, an individual; OAK HOLDINGS, LLC, a California limited liability company; MELROSE ASSOCIATES, LLC, a Kansas limited liability company,<br><br>　　　　　Defendants/Counterclaim Plaintiffs. | MEMORANDUM DECISION AND ORDER GRANTING COUNTERCLAIM PLAINTIFFS' MOTION TO AMEND COUNTERCLAIM, DENYING COUNTERCLAIM DEFENDANTS' MOTIONS TO DISMISS AS MOOT, AND OVERRULING COUNTERCLAIM DEFENDANTS' OBJECTION<br><br>Case No. 2:23-cv-00326-TS-DAO<br><br>Judge Ted Stewart<br><br>Magistrate Judge Daphne A. Oberg |

　　　　This matter comes before the Court on Counterclaim Defendants' Motions to Dismiss,[1] Counterclaim Plaintiffs' Motion to Amend,[2] and Counterclaim Defendants' Objection to Exhibits in Reply.[3] For the reasons discussed below, the Court will grant Counterclaim Plaintiffs' Motion to Amend, deny the Motions to Dismiss as moot, and overrule the Objection.

---

[1] Docket Nos. 59, 60.

[2] Docket No. 70.

[3] Docket No. 88.

I. BACKGROUND

In March 2023, Plaintiff Origins filed this suit in Utah state court against Defendants Equity Holdings II and LeErik Murray. Subsequently, Defendants removed the matter to this Court.[4] In May 2023, Defendants filed a Motion to Dismiss for Lack of Jurisdiction, Improper Venue, and Failure to State a Claim.[5] Plaintiff sought a stay to conduct jurisdictional discovery. The Court granted the request and allowed Plaintiff ninety days to do so.[6] Origins then filed a Motion for Leave to File First Amended Complaint to include additional parties and claims.[7] The Court granted the Motion and Origins filed an Amended Complaint.[8] The Amended Complaint added Plaintiffs Seth Bailey and Sean Miller and Defendants Oak Holdings, LLC and Melrose Associates, LLC. Origins also amended the Complaint to include six additional claims against Defendants. In response, Defendants filed a Counterclaim alleging seven claims against Plaintiffs and Oak Equity Holdings, LLC, including two derivative claims.[9]

In August 2024, Counterclaim Defendants filed two Motion to Dismiss for Lack of Jurisdiction.[10] A number of extensions were sought and granted for additional time to respond and Counterclaim Plaintiffs filed responses and a Motion to Amend the Counterclaim in October

---

[4] Docket No. 1.
[5] Docket No. 6.
[6] Docket No. 15.
[7] Docket No. 16.
[8] Docket Nos. 30, 31.
[9] Docket No. 54.
[10] Docket Nos. 59, 60.

2024.[11] After the Motions were fully briefed, Counterclaim Defendants filed an Objection to the exhibits in Counterclaim Plaintiffs' Reply.[12]

## II. DISCUSSION

The Federal Rules of Civil Procedure instruct that "court[s] should freely give leave" to amend "when justice so requires."[13] "In the absence of . . . undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be freely given."[14] "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal."[15] Counterclaim Defendants oppose the Motion arguing that it is futile because it fails to state the demanded action with particularity. They further argue that the Motion is futile because exhibits 7 and 8, which are letters supporting the derivative claims, were not attached to the filing. The Court does not agree.

Federal Rule Civil Procedure 23.1 requires that in a suit brought by a shareholder on behalf of a corporation the complaint must be verified and must also:

> 1. allege that the plaintiff was a shareholder or member at the time of the transaction complained of, or that the plaintiff's share or membership later devolved on it by operation of law;
> 2. allege that the action is not a collusive one or to confer jurisdiction that the court would otherwise lack; and
> 3. state with particularity:

---

[11] Docket Nos. 73, 74, 75.

[12] Docket No. 88.

[13] Fed. R. Civ. P. 15(a)(2).

[14] *Foman v. Davis*, 371 U.S. 178, 182 (1962) (internal quotation marks and citation omitted).

[15] *Jefferson Cty. Sch. Dist No. R-1. v. Moody's Inv.'s Servs., Inc.,* 175 F.3d 848, 859 (10th Cir. 1999).

> (A) any effort by the plaintiff to obtain the desired action from the directors or comparable authority and, if necessary, from the shareholders or members; and
> (B) the reasons for not obtaining the action or not making the effort.

The proposed Amended Counterclaim explains the effort taken by Murray to engage with Bailey and Miller to resolve his outlined concerns with sufficient particularity. The proposed amendment also states that these efforts were denied by Bailey and Miller. This is sufficient under Rule 23.1. Further, the proposed amendment adequately outlines the information contained in the exhibits and further, Counterclaim Plaintiffs attached the exhibits to their Reply.

The Court also finds no undue delay, bad faith or dilatory motive, repeated failure to cure prior deficiencies, or undue prejudice to the opposing party based on the proposed amendment. Accordingly, the Court will grant the Motion to Amend and will deny the Motions to Dismiss as moot.[16]

After Counterclaim Plaintiffs filed their Reply, Counterclaim Defendants filed an Objection. They assert that the Court should not consider exhibits 7 and 8 because they are untimely and futile. Counterclaim Defendants further argue that the exhibits are new information raised for the first time in the Reply and therefore, should not be considered by the Court. However, these exhibits do not contain new information because they were discussed in the Motion and further, the letters were sent to Bailey and Miller, so the information was arguably in their possession prior to the Motion.

---

[16] *Franklin v. Kansas Dep't of Corr.*, 160 F. App'x 730, 734 (10th Cir. 2005) ("An amended complaint supersedes the original complaint and renders the original complaint of no legal effect."); *Howeth v. Aramark Corp.*, No. 2:10-CV-221-TS, 2011 WL 1428087, at *2 (D. Utah Apr. 13, 2011) (finding a motion to dismiss is moot when complaint has been amended).

Finally, as discussed above, with or without considering exhibits 7 and 8, the Court does not conclude that the proposed amendment is futile Accordingly, the Court will overrule the Objection.

### III. CONCLUSION

It is therefore

ORDERED that Counterclaim Plaintiffs' Motion to Amend (Docked No. 75) is GRANTED; It is further

ORDERED that Counterclaim Defendants' Motions to Dismiss (Docket Nos. 59, 60) are DENIED AS MOOT; It is further

ORDERED that Counterclaim Defendants' Objection (Docket No. 88) is OVERRULED.

DATED March 31, 2025.

BY THE COURT:

_____
TED STEWART
United States District Judge