UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| ORIGINS TECH, INC., a Delaware corporation; SETH BAILEY, a Utah resident; and SEAN MILLER, a Washington resident,<br><br>Plaintiffs,<br><br>v.<br><br>OAK EQUITY HOLDINGS II, LLC, a California limited liability company; LE ERIK MURRAY, an individual, OAK HOLDINGS, LLC, a California limited liability company; and MELROSE ASSOCIATES, LLC, a California limited liability company,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO QUASH SUBPOENA**<br>**(DOC. NO. 84)**<br><br>Case No. 2:23-cv-00326<br><br>District Judge Ted Stewart<br><br>Magistrate Judge Daphne A. Oberg |

This action relates to several purchase and indemnification agreements between the parties.[1] Plaintiffs bring claims for promissory estoppel, "contract implied in fact," breach of contract, breach of the covenant of good faith and fair dealing, tortious interference, fraudulent inducement, and defamation.[2] Defendants filed counterclaims

---

[1] (*See generally* Am. Compl., Doc. No. 31.)

[2] (*See id.* ¶¶ 80–184.)

1

and a third-party claim against Oak Equity Holdings, LLC, asserting a similar assortment of claims.[3]

Defendants have filed a motion to quash a subpoena Plaintiffs served on nonparty Kent Price, arguing it seeks irrelevant information and is unduly burdensome.[4] Plaintiffs oppose the motion, arguing Defendants lack standing to challenge a subpoena sent to a third party, the information is relevant, and the request is sufficiently narrow.[5] Because Defendants lack standing to challenge the subpoena to the extent it seeks records between third parties, and where the information is relevant and not unduly burdensome, Defendants' motion is denied.

## LEGAL STANDARDS

Rule 45 of the Federal Rules of Civil Procedure establishes the standards for quashing subpoenas. As relevant here, the court must quash or modify a subpoena which "subjects a person to undue burden."[6] Additionally, under Rule 26(b), the discovery sought must be "relevant to any party's claim or defense and proportional to

---

[3] (*See* Defs.' Answer to Pls.' First Am. Compl. and Countercls. 36–52, Doc. No. 54 (asserting claims for promissory estoppel, "contract implied in fact," breach of contract, breach of the covenant of good faith and fair dealing, tortious interference, fraudulent inducement, and defamation).)

[4] (*See* Mot. to Quash Pls. and Countercl. Defs.' Subpoena Duces Tecum to Nonparty Kent Price ("Mot."), Doc. No. 84.)

[5] (*See* Opp'n to Mot. to Quash ("Opp'n"), Doc. No. 85.)

[6] Fed. R. Civ. P. 45(d)(3)(A)(iv).

2

the needs of the case."[7]  Finally, a party generally "does not have standing to object to a subpoena issued to a third party, unless the party challenging the subpoena has a personal right or privilege with respect to the subject matter sought by the subpoena."[8]

## BACKGROUND

Plaintiffs served the disputed subpoena on nonparty Mr. Price, containing two document requests:

**Request 1**: All contracts between each and every one of:

> Kent Price
> Oak Harrison, LLC, and/or
> Market St Partners, LLC

on the one hand, and each and every one of:

> LeErik Murray
> Oak Holdings, LLC
> Oak Industrial Funds, LLC
> OI Funds, LLC
> Oak Equity Holdings, II, LLC
> Oak Equity Holdings, LLC, and/or
> Melrose Associates, LLC

on the other hand.

---

[7] Fed. R. Civ. P. 26(b)(1); *see also Consumer Fin. Prot. Bureau v. Integrity Advance, LLC*, No. 21-mc-206, 2022 U.S. Dist. LEXIS 126523, at *18 (D. Kan. July 15, 2022) (unpublished) ("[W]hile Rule 45 does not include relevance as an enumerated reason for quashing a subpoena[,] [i]t is well settled that the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26(b)." (second and third alterations in original) (internal quotation marks and citation omitted)).

[8] *Johnson v. USANA Health Scis.*, No. 2:17-cv-00652, 2019 U.S. Dist. LEXIS 198814, at *6 (D. Utah Nov. 15, 2019) (unpublished) (citation omitted).

>**Request 2**: Records of all money paid to or for the benefit of each and every one of the following:
>
>>LeErik Murray
>>Oak Holdings, LLC
>>Oak Industrial Funds, LLC
>>OI Funds, LLC
>>Oak Equity Holdings, II, LLC
>>Oak Equity Holdings, LLC
>>Melrose Associates, LLC.[9]

In moving to quash the subpoena, Defendants assert two arguments. First, Defendants argue the majority of the information sought is irrelevant and not proportional to the needs of the case.[10] As to documents pertaining to Oak Industrial Funds, LLC, and OI Funds, LLC, Defendants contend these nonparties "do not appear anywhere within the four corners of either party's pleadings" and "are not relevant to this case whatsoever."[11] As to "contracts or payment between [Mr.] Price, Oak Harrison, or Market Street Partners and any of the named parties in the Price Subpoena," Defendants argue these documents are not relevant to any party's claim or defense.[12] According to Defendants, "[t]he only potential link" between the information sought and the parties' claims or defenses is "Plaintiffs' allegations relating to Mr. Murray and the 'Landlord' (*i.e.*, [Mr.] Price) referenced in Plaintiffs' First Amended Complaint."[13] But

---

[9] (Ex. A to Mot., Subpoena 4, Doc. No. 84-1.)

[10] (Mot. 3–4, Doc. No. 84.)

[11] (*Id.* at 3.)

[12] (*Id.* at 4.)

[13] (*Id.*)

4

Defendants contend "these allegations relate only to Mr. Murray—and not any other identified entity in the Price Subpoena."[14] Defendants also argue the subpoena imposes an undue burden on Mr. Price because it "seeks documents and information that Plaintiffs could otherwise seek directly from Defendants during discovery."[15]

In response, Plaintiffs argue Defendants lack standing to challenge a subpoena sent to Mr. Price (a nonparty) unless they make a "specific showing of a privilege or privacy."[16] Plaintiffs also contend the information is relevant to their tortious interference claim, which includes an allegation that Mr. Murray had conflicts of interest with Mr. Price.[17] Because Mr. Murray and Mr. Price own or have financial interests in the entities identified in the subpoena, Plaintiffs argue information regarding the entities' relationships is relevant to their conflict-of-interest allegation.[18]

Plaintiffs further argue the subpoena is not unduly burdensome, where the documents requests are "narrowed in scope and time, and are limited only to those documents sufficient to discern the extent of the conflicts of interest between [Mr.] Murray and [Mr.] Price and the entities they control."[19] Finally, Plaintiffs argue that

---

[14] (*Id.*)

[15] (*Id.* at 4–6.)

[16] (Opp'n, Doc. No. 85 at 2–3 (quoting *Windsor v. Martindale*, 175 F.R.D. 665, 668 (D. Colo. 1997)).)

[17] (*Id.* at 3–5.)

[18] (*Id.* at 4–5.)

[19] (*Id.* at 6.)

although there is no requirement that a party seek discovery from another party before serving a nonparty subpoena, Plaintiffs tried (unsuccessfully) to obtain the information from Defendants:

> First, [Plaintiffs] sought to issue subpoenas to the entities listed in the Subpoena through Mr. Murray, the registered agent for the entities. However, Plaintiffs do not have a current address for Mr. Murray, and Mr. Murray's counsel refused to provide one and refused to accept service of the subpoenas for Mr. Murray.  Second, in an effort to establish a foundation for a settlement discussion, [Plaintiff] Origins requested from Mr. Murray records and information that, in part, it now seeks through its Subpoena to [Mr.] Price.  In response, Mr. Murray claimed no such records exist. [20]

## ANALYSIS

As an initial matter, while Defendants have standing to challenge the subpoena to the extent it seeks their own financial records,[21] the subpoena also seeks contracts and records solely between third parties.[22]  Defendants do not explain what right or privilege gives them standing to challenge production of contracts or records between these third parties.[23]

---

[20] (*Id.* at 6–7.)  Plaintiffs submitted screenshots detailing these interactions.  (*See* Exs. A & B to Opp'n., Email Correspondence, Doc. Nos. 85-1 & 85-2.)

[21] *See Ennis v. Alder Prot. Holdings, LLC*, No. 2:19-cv-00512, 2022 U.S. Dist. LEXIS 169131, at *5 (D. Utah Sept. 16, 2022) (unpublished) ("Defendants have a privacy interest in their personal financial affairs that gives them standing [to move to quash a subpoena issued to a third party].").

[22] (*See* Ex. A to Mot., Subpoena 4, Doc. No. 84-1.)

[23] *See Johnson*, 2019 U.S. Dist. LEXIS 198814, at *6 ("[G]enerally, a party does not have standing to object to a subpoena issued to a third party, unless the party challenging the subpoena has a personal right or privilege with respect to the subject matter sought by the subpoena." (citation omitted)).

To the extent Defendants have standing, they do not offer sufficient grounds to quash the subpoena. First, the information sought is relevant and proportional to the needs of the case. In their complaint, Plaintiffs allege Mr. Murray tortiously interfered with their economic relations "through improper means, including but not limited to: . . . [Mr.] Murray's self-dealing and conflicts of interest vis-à-vis Landlord [Mr. Price] and Origins."[24] Through the subpoena, Plaintiffs seek contracts and financial records between entities Mr. Murray and Mr. Price own or have financial interests in—documents which could provide evidence of conflicts of interest between Mr. Murray and Mr. Price. Considering the broad scope of relevance under Rule 26(b),[25] the information sought is relevant and proportional.

Defendants also fail to show any undue burden. Indeed, Defendants do not explain how responding to the subpoena imposes any burden at all on Mr. Price. The subpoena contains two document requests, both of which are sufficiently narrow and proportional. And while Defendants insist Plaintiffs seek information through the subpoena which they could seek directly from Defendants, there is no requirement that a party seek discovery from another party before serving a nonparty subpoena.[26]

---

[24] (Am. Compl. ¶ 115, Doc. No. 31.)

[25] *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . .").

[26] *See, e.g.*, *Env't Dimensions, Inc. v. Energysolutions Gov't Grp., Inc.*, No. CV 16-1056, 2019 U.S. Dist. LEXIS 52486, at *9–10 (D.N.M. Mar. 28, 2019) (unpublished) (rejecting argument that a party must first seek documents from another party before seeking them from a nonparty, noting "there is no absolute rule" prohibiting the practice).

Moreover, Plaintiffs have sought at least some of the information from Defendants, who denied the existence of responsive documents.[27]

## CONCLUSION

Because Defendants have not established standing to challenge most of the subpoena requests, and all the information sought is relevant, proportional, and not unduly burdensome, Defendants' motion to quash[28] is denied.

DATED this 7th day of April, 2025.

BY THE COURT:

*Daphne A. Oberg*
Daphne A. Oberg
United States Magistrate Judge

---

[27] (*See* Ex. B to Opp'n, Email Correspondence, Doc. No. 85-2 at 2–3 (Plaintiffs requesting documents "sufficient to identify [Mr. Murray's] total enrichment (directly or indirectly)" through the leases at issue, and Defendants responding "there are no documents that go to those issues").)  Defendants complain about the timing of Plaintiffs' discovery requests, arguing Plaintiffs served the subpoena the same day they emailed Defendants requesting the information.  (*See* Defs.' Br. in Reply to Pls.' Opp'n to Quash Pls.' Subpoena Duces Tecum to Nonparty Kent Price 4–5, Doc. No. 86.)  But the emails appear to reflect disputes over earlier-requested information.  (*See, e.g.*, Ex. B to Opp'n, Email Correspondence, Doc. No. 85-2 at 3 (stating—in response to Defendants' document production—"there is still nothing in here that speaks to" Mr. Murray's enrichment through the leases).)  Moreover, Defendants do not dispute that Plaintiffs requested the information, and Defendants denied the existence of responsive documents (regardless of the timing).  Requiring Plaintiffs to reissue their subpoena with a new date would be pointless.

[28] (Doc. No. 84.)