UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| ORIGINS TECH, INC., a Delaware corporation; SETH BAILEY, a Utah resident; and SEAN MILLER, a Washington resident,<br><br>Plaintiffs,<br><br>v.<br><br>OAK EQUITY HOLDINGS II, LLC, a California limited liability company; LE ERIK MURRAY, an individual, OAK HOLDINGS, LLC, a California limited liability company; and MELROSE ASSOCIATES, LLC, a California limited liability company,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING WITHOUT PREJUDICE MOTION TO COMPEL RESPONSE TO SUBPOENA (DOC. NO. 114)**<br><br>Case No. 2:23-cv-00326<br><br>District Judge Ted Stewart<br><br>Magistrate Judge Daphne A. Oberg |

This action relates to several purchase and indemnification agreements between the parties.[1] Plaintiffs bring claims for promissory estoppel, "contract implied in fact," breach of contract, breach of the covenant of good faith and fair dealing, tortious interference, fraudulent inducement, and defamation.[2] Defendants filed several related counterclaims and a third-party claim against Oak Equity Holdings, LLC.[3]

---

[1] (*See generally* Am. Compl., Doc. No. 31.)

[2] (*See id.* ¶¶ 80–184.)

[3] (*See* Defs.' First Am. Countercls. 58–111, Doc. No. 109.)

Plaintiffs have filed a motion to compel nonparty Kent Price to respond to a subpoena.[4] Plaintiffs contend the relevance, privilege, confidentiality, burden, and vagueness objections Mr. Price made in response to the subpoena are improper.[5] Mr. Price opposes Plaintiffs' motion, but he does not assert any of these objections—instead, Mr. Price argues the subpoena is defective because it requires him to produce documents in Utah, which is more than 100 miles from where he resides.[6] Mr. Price also contends Plaintiffs should have brought their motion in the district where the documents are located.[7] In reply, Plaintiffs argue the 100-mile limitation does not apply where the subpoena requests email production.[8] Plaintiffs also contend Mr. Price waived any objection to the place of compliance by not objecting to the subpoena on this basis initially.[9] Because Plaintiffs fail to show they filed their motion in the correct court, the motion is denied without prejudice.

---

[4] (Mot. to Compel Resp. to Subpoena (Mot.), Doc. No. 114.)

[5] (*See id.* at 1–8.)

[6] (Non-Party Kent Price's Opp'n to Pls.' Mot. to Compel Resp. to Subpoena (Opp'n) 4–5, Doc. No. 122.)

[7] (*Id.* at 5–6.)

[8] (Reply in Supp. of Mot. to Compel (Reply) 2–7, Doc. No. 128.) The subpoena reads as follows: "Your responses should be sent directly to Respondents' counsel: Jordan K. Cameron 6975 S Union Park Ave, Suite 600 Cottonwood Heights, UT 84047 jordan@cameronringwood.com[,] with a copy to: filing@cameronringwood.com[.] Alternatively, if you desire to produce physical documents in response to this subpoena, please contact Plaintiff's attorney for a physical location within 100 miles of your location where documents may be delivered." (Ex. A to Mot., Subpoena, Doc. No. 114-1 at 6.)

[9] (*See* Reply 2–7, Doc. No. 128.)

## ANALYSIS

Rule 45 of the Federal Rules of Civil Procedure governs document subpoenas to nonparties. Under Rule 45(c), a document subpoena may command production "at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person."[10] If the nonparty fails to comply with the subpoena, Rule 45(d) provides that the serving party may move to compel production in "the court for the district where compliance is required."[11] Courts are split on how to determine "the court for the district where compliance is required."

Some courts take the position that the district of compliance is the location where the subpoena requires the documents to be delivered.[12] Courts adopting this approach primarily do so in the interest of practicality, reasoning the second approach requires the court to "first resolve a substantive geographical limits issue under Rules 45(c) simply to decide if it is the court with authority to decide the motion."[13]

Given the language of Rule 45(c), other courts conclude the place of compliance is a district within 100 miles of where the subpoenaed party lives or works.[14] Courts

---

[10] Fed. R. Civ. P. 45(c)(2)(A).

[11] Fed. R. Civ. P. 45(d)(2)(B)(i).

[12] *See, e.g.*, *Copeland v. C.A.A.I.R., Inc.*, No. 17-CV-564, 2024 U.S. Dist. LEXIS 34000, at *8 (N.D. Okla. Feb. 28, 2024) (unpublished) (collecting cases).

[13] *Adams v. Symetra Life Ins. Co.*, No. 19-MC-401, 2020 U.S. Dist. LEXIS 16253, at *5–6 (D. Kan. Jan. 28, 2020) (unpublished) (internal quotation marks and citation omitted).

[14] Fed. R. Civ. P. 45(c)(2)(A); *see, e.g.*, *Raap v. Brier & Thorn, Inc.*, No. 17-MC-3001, 2017 U.S. Dist. LEXIS 87004, at *5–7 (C.D. Ill. June 7, 2017) (unpublished) (collecting cases).

adopting this second approach reason that under the rule, "subpoena disputes must be litigated in courts convenient to the nonparty," and the rule's "purposes would be defeated" if the serving party could "require the nonparty to adjudicate any dispute over that subpoena in a distant forum."[15]  Courts taking this second approach also rely on the advisory committee notes to Rule 45, which note the need to avoid "burdens on local nonparties subject to subpoenas."[16]  Additionally, these courts observe that the first approach raises potential personal jurisdiction issues, where the remedy for a nonparty's failure to comply with a subpoena is contempt.[17]

---

[15] *Copeland*, 2024 U.S. Dist. LEXIS 34000, at *10.

[16] *See* Fed. R. Civ. P. 45(f) advisory committee's note to 2013 amendment ("To protect local nonparties, local resolution of disputes about subpoenas is assured by the limitations of Rule 45(c) and the requirements in Rules 45(d) and (e) that motions be made in the court in which compliance is required under Rule 45(c). . . . The prime concern should be avoiding burdens on local nonparties subject to subpoenas, and it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions."); *see also* Fed. R. Civ. P. 45(c) advisory committee's note to 2013 amendment ("Although Rule 45(a)(1)(A)(iii) permits the subpoena to direct a place of compliance, that place must be selected under Rule 45(c).").

[17] *See* Fed. R. Civ. P. 45(g) ("The court for the district where compliance is required . . . may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it."); *Gutierrez v. Uni Trans, LLC*, No. 21-73, 2021 U.S. Dist. LEXIS 126152, at *6 (D.N.M. July 7, 2021) (unpublished) ("[Under the first approach,] if the Court were to grant Plaintiff's motion [to compel compliance] and then later issue an order to show cause why the subpoenaed entity should not be held in contempt for failure to comply with the subpoena to produce documents, the contempt hearing would take place in a district where the subpoenaed entity does not reside.  The Court would then have to resolve questions of personal jurisdiction over the subpoenaed entity as a matter of due process.").

The practicality justification for the first approach is unpersuasive.[18] At the outset, given the personal jurisdiction issues associated with haling nonparties into distant courts,[19] it is debatable whether the first approach is truly more practical. More importantly, the second approach aligns with Rule 45's language and purpose. It makes little sense to force a nonparty to litigate a subpoena dispute in a district the serving party hand-selects in violation of the plain language of Rule 45(c). Accordingly, the district of compliance must be "within 100 miles of where the [nonparty] resides, is employed, or regularly transacts business in person."[20] Applying that rule here, Plaintiffs fail to establish this is the district of compliance. Plaintiffs do not explain where

---

[18] Several courts have also justified the first approach on "uniformity" grounds, based on *Adams*' assertion that "most courts" have adopted the first approach. *See Adams*, 2020 U.S. Dist. LEXIS 16253, at *3; *see also, e.g.*, *Copeland*, 2024 U.S. Dist. LEXIS 34000, at *11 ("In the interest of practicality and uniformity, the Court holds that a 'court for the district where compliance is required' is the court encompassing the address listed on the subpoena." (citing the *Adams* line of cases)). But the authority *Adams* cites does not overtly support the premise that "most courts" follow the first approach—instead, it appears "[b]oth viewpoints have substantial support in the case law." *Cruz v. Aersale, Inc.*, No. 2:22-cv-857, 2025 U.S. Dist. LEXIS 94551, at *14 (D.N.M. May 16, 2025) (unpublished). Moreover, uniformity does not justify ignoring the language and purpose of Rule 45.

[19] *See Gutierrez*, 2021 U.S. Dist. LEXIS 126152, at *6.

[20] Fed. R. Civ. P. 45(c)(2)(A).

Mr. Price resides, is employed, or regularly transacts business.[21]  Accordingly, their motion must be denied without prejudice.[22]

Where Plaintiffs have not shown this court may hear their motion, the court need not address their remaining arguments.[23]  This includes Plaintiffs' argument that Mr.

---

[21] The subpoena lists an Overland Park, Kansas address for Mr. Price, which suggests Utah is not the court of compliance.  (*See* Ex. A to Mot., Subpoena 1, Doc. No. 114-1 at 6); *see also Cruz*, 2025 U.S. Dist. LEXIS 94552, at *15 n.8 (noting "courts will generally look to the address for the named party shown on the subpoena in making a quick assessment regarding" where a nonparty is located).

[22] *See Cruz*, 2025 U.S. Dist. LEXIS 94552, at *17 (denying motion to compel without prejudice where the movant failed to establish the court of compliance); *Cleary v. Kaleida Health*, No. 1:22-cv-00026, 2024 U.S. Dist. LEXIS 55136, at *13 (W.D.N.Y. Mar. 27, 2024) (unpublished) ("Defendants have not offered sufficient information for me to determine that this district is the 'district where compliance is required.'  Accordingly, I must deny their motion." (citation omitted)); *Elite Mitigation Servs., LLC v. Westchester Surplus Lines Ins. Co.*, No. 5:19-CV-381, 2020 WL 6127079, at *2 (N.D. Fla. May 1, 2020) (unpublished) (denying motion to quash subpoena without prejudice where the movant did not "indicate whether this court is the court where compliance is required under Rule 45(c) and has not stated facts indicating that this court is the court of compliance").

[23] *See Harley v. N. Am. Transp. Servs., LLC*, No. 2:19:cv-00029, 2021 U.S. Dist. LEXIS 30306, at *3 (D.S.C. Feb. 18, 2021) (unpublished) ("[D]efendants have brought the motion to compel in the wrong district . . . .  Because of this fatal procedural shortcoming, the court need not reach the substantive merit of defendants' motion to compel.").  Some courts interpret Rule 45's location requirements as jurisdictional—meaning only the district of compliance has jurisdiction to hear the motion.  *See Fed. Ins. Co. v. Tungsten Heavy Powder & Parts*, Inc., No. 21cv1197, 2022 U.S. Dist. LEXIS 127870, at *15 (S.D. Cal. July 18, 2022) (unpublished) (collecting cases); *see also* 9 Moore's Federal Practice § 45.25 (3d. ed. 2025) ("[T]he place for compliance under the rule is critical to the jurisdiction of a court to hear a challenge to a subpoena.").  But "[e]ven courts that dispute whether Rule 45(d)'s mandate is truly jurisdictional in nature concede the importance of determining whether the court has the power to hear a motion to quash pursuant to that Rule and reject motions filed in the procedurally incorrect district."  *Cleary*, 2024 U.S. Dist. LEXIS 55136, at *11.

Price waived any objection to the place of compliance.[24]  Plaintiffs must file their motion, including any argument that Mr. Price waived his objection to the place of production, in the district of compliance (as determined by Mr. Price's location).[25]  The same is true of Plaintiffs' argument that Rule 45(c)'s 100-mile rule does not apply where the subpoena permits email production.[26]  Rule 45(d) requires Plaintiffs to file their motion to compel in the court of compliance.[27]  Finally, where the motion is denied, Plaintiffs' request for attorney fees[28] is denied.[29]

---

[24] (*See* Reply 2–7, Doc. No. 128.)

[25] Plaintiffs rely on *Copeland* in arguing Mr. Price waived his objection to the place of compliance.  (*See id.* at 4–6.)  But the *Copeland* court addressed the movant's waiver argument only after concluding it was the court of compliance.  *See Copeland*, 2024 U.S. Dist. LEXIS 34000, at *12–14.  Where Plaintiffs have not shown this is the correct court to hear their motion, their waiver argument cannot be addressed.

[26] (*See* Reply 5, Doc. No. 128.)

[27] *Cf. CSS, Inc. v. Herrington*, 354 F. Supp. 3d 702, 711 (N.D. Tex. 2017) ("[T]hat Defendants' preference was electronic transmission to [counsel's] email does not change what the face of the Subpoenas themselves direct.").

[28] (*See* Mot., Doc. No. 114 at 8 (requesting "attorney's fees for having [to] bring this Motion").)

[29] *Cf. NLRB v. Midwest Heating & Air Conditioning, Inc.*, 528 F. Supp. 2d 1172, 1181 (D. Kan. 2007) ("Unlike Rule 37, Rule 45 contains no express provision for awarding attorneys' fees or sanctions to a party that has prevailed on a motion to compel compliance with a subpoena.").

## CONCLUSION

Because Plaintiffs fail to establish their motion was filed in the correct court, their motion[30] is denied without prejudice.

DATED this 16th day of June, 2025.

BY THE COURT:

_Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge

---

[30] (Doc. No. 114.)