UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| ORIGINS TECH, INC., a Delaware corporation; SETH BAILEY, a Utah resident; and SEAN MILLER, a Washington resident,<br><br>Plaintiffs,<br><br>v.<br><br>OAK EQUITY HOLDINGS II, LLC, a California limited liability company; LE ERIK MURRAY, an individual; OAK HOLDINGS, LLC, a California limited liability company; and MELROSE ASSOCIATES, LLC, a California limited liability company,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR ALTERNATIVE SERVICE (DOC. NO. 156)**<br><br>Case No. 2:23-cv-00326<br><br>District Judge Ted Stewart<br><br>Magistrate Judge Daphne A. Oberg |

Plaintiffs Origins Tech, Inc., Seth Bailey, and Sean Miller move for leave to serve a nonparty witness, Kent Price, with a deposition subpoena by emailing the subpoena to Mr. Price's attorneys of record.[1]  As their efforts to personally serve Mr. Price have failed, Plaintiffs contend email service to his counsel is permissible and reasonably

---

[1] (Mot. for Alt. Serv. (Mot.), Doc. No. 156.)  Mr. Price appears on the docket in this case as an interested party, represented by various counsel.

calculated to provide notice.[2]  Mr. Price's counsel opposes the motion,[3] arguing Rule 45 does not permit alternative service at all, let alone service by email to a nonparty's counsel.[4]  Counsel also notes Mr. Price has not authorized them to accept service.[5]  In reply, Plaintiffs argue the court should allow service by email to counsel or otherwise deem Mr. Price served, because counsel have appeared and consented to electronic service by registering with the court to receive electronic notice and to file electronically.[6]  Because Plaintiffs' proposed alternative method of service is reasonably

---

[2] (*Id.* at 3–4.)  Plaintiffs indicate they previously served Mr. Price with a document subpoena at his residence, but several attempts to do the same for the deposition subpoena were unsuccessful.  (Ex. A to Mot., Decl. of Jordan Cameron (Cameron Decl.) ¶¶ 3–7, Doc. No. 156-1.)  Plaintiffs' counsel attests he has successfully communicated with two of Mr. Price's lawyers, Eric Maxfield and Joshua Cohen, via email at EGMaxfield@hollandhart.com and jcohen@fennemorelaw.com.  (*Id.* ¶ 10.)

[3] (Non-Party Kent Price's Opp'n to Mot. (Opp'n), Doc. No. 162.)

[4] (*Id.* at 2–3.)  Counsel also argues the subpoena is deficient because it sets a September 24, 2024, deposition date.  (*Id.* at 4 (citing and referencing Ex. A to Opp'n, Doc. No. 162-1 at 5).)  However, with their reply, Plaintiffs attach a subpoena correcting that obvious typo.  (Reply in Supp. of Mot. (Reply), Doc. No. 163; Ex. A to Reply, Doc. No. 163-1 at 2.)

[5] (Opp'n 4, Doc. No. 162.)

[6] (Reply 1–2, Doc. No. 163 (noting Fed. R. Civ. P. 5(b)(2)(E) states service is accomplished by filing the subpoena "with the court's electronic-filing system or sending it by other electronic means that the person consented to in writing—in either of which events service is complete upon filing or sending").)  Mr. Maxfield and another lawyer from his firm, Tyler Erickson, have appeared in this action and requested all documents and pleadings be served on them electronically.  (Notices of Appearance, Doc. Nos. 121 & 125.)  Mr. Maxfield also applied for Mr. Cohen and Sean Story to appear pro hac vice on behalf of Mr. Price.  (Mots. for Admis. Pro Hac Vice of Joshua D. Cohen & Sean E. Story, Doc. Nos. 123 & 124.)  But Mr. Cohen and Mr. Story have yet to comply with local rules regarding the court's electronic filing system.  (*See* Doc. No. 138 (citing DUCivR 83-1.1(d)(2) ("An attorney who practices in this court *must* register to efile and receive electronic notifications of case activity." (emphasis added))).)

calculated to provide Mr. Price notice and actual receipt of the subpoena, the motion is granted.

## LEGAL STANDARD

Rule 45 of the Federal Rules of Civil Procedure provides that subpoenas may be served "at any place within the United States."[7] Service of a subpoena within the United States requires "delivering a copy to the named person."[8] Courts have interpreted this rule as allowing service by means other than personal service under Rule 4 of the Federal Rules of Civil Procedure.[9] And even if personal service under Rule 4 were required, courts may authorize service by alternative means as permitted under applicable state law.[10] Utah law permits service by alternative means if the

---

[7] Fed. R. Civ. P. 45(b)(2).

[8] Fed. R. Civ. P. 45(b)(1).

[9] *See, e.g.*, *Ross v. Jenkins*, No. 17-2547, 2019 U.S. Dist. LEXIS 127518, at *2–3 (D. Kan. July 31, 2019) (unpublished) (noting Rule 45 service "can include methods of service other than direct, hand-over-hand personal service"); *E.A. Renfroe & Co. v. Moran*, No. 08-cv-00733, 2008 U.S. Dist. LEXIS 123018, at *19 (D. Colo. Apr. 21, 2008) (unpublished) (holding that "effective service under Rule 45 is not limited to hand-to-hand personal service in every case"); *Yost v. K. Truck Lines, Inc.*, No. 03-2086, 2006 U.S. Dist. LEXIS 118403, at *5 (D. Kan. Jan. 11, 2006) (unpublished) (finding Rule 45 does not mandate personal delivery or prohibit alternative service and requires only that "service be made in a manner that reasonably insures actual receipt of the subpoena"); *see also* 9A *Wright & Miller's Federal Practice & Procedure* § 2454 (3d ed. 2025) (explaining "a growing number of cases have departed from the view that personal service is required" and have permitted "alternative forms of service" where there were "prior diligent attempts at personal service" and "the alternative form is calculated to provide timely notice").

[10] *See* Fed. R. Civ. P. 4(e)(1) (providing that service of an individual may be completed by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made").

"whereabouts of the person to be served [is] unknown and cannot be ascertained through reasonable diligence, . . . or if there is good cause to believe that the person to be served is avoiding service."[11]

## ANALYSIS

Serving the deposition subpoena by email to Mr. Price's counsel of record is permissible and warranted here. Contrary to Mr. Price's counsels' assertion, alternative service of Rule 45 subpoenas—including by email and through a nonparty's counsel—is permitted. The moving party must simply show unsuccessful, but diligent, efforts at personal service, and show the alternative method is reasonably calculated to provide the nonparty with notice.[12] Here, Plaintiffs diligently tried to serve Mr. Price personally, but those efforts were unsuccessful.[13]

---

[11] Utah R. Civ. P. 4(d)(5)(A).

[12] *See supra* note 9; *see also*, *e.g.*, *Meridian PO Finance LLC v. OTR Tire Grp. Inc.*, No. CV-20-00446, 2022 U.S. Dist. LEXIS 12737, *4–5 (D. Ariz. Jan. 24, 2022) (unpublished) (granting motion for alternative service of subpoena through either mail or email given these methods were reasonably calculated to provide notice and Rule 45 does not require personal service); *Amann v. Off. of Utah Att'y Gen.*, No. 2:18-cv-00341, 2021 U.S. Dist. LEXIS 263893, at *6 (D. Utah Apr. 30, 2021) (unpublished) (finding "delivery" by "email was adequate under Rule 45 and reasonably ensured actual receipt of the subpoena"); *Fed. Trade Comm'n v. Zurixx, LLC*, No. 2:19-cv-00713, 2020 U.S. Dist. LEXIS 253250, at *6 (D. Utah Dec. 21, 2020) (unpublished) (allowing subpoena to be served by personal service, certified mail, or repeated email); *W. Res., Inc. v. Union Pac. R.R. Co.*, No. 00-2043, 2002 U.S. Dist. LEXIS 14897, at *9 (D. Kan. July 23, 2002) (unpublished) (concluding service of Rule 45 subpoena on non-party's counsel satisfies "delivery" requirement because it reasonably ensures "actual receipt of the subpoena by the witness").

[13] (*See* Ex. A to Mot., Cameron Decl. ¶¶ 4–7, Doc. No. 156-1 (explaining counsel retained a process server who made several attempts to serve Mr. Price in person but who learned Mr. Price was not present and was traveling with no return date).)

Serving Mr. Price by email to his counsel of record is reasonably calculated to ensure notice and actual receipt of the deposition subpoena. Plaintiffs' counsel has successfully communicated with two of Mr. Price's lawyers, Mr. Maxfield and Mr. Cohen, via email.[14] Mr. Maxfield corroborates this fact.[15] And counsel have also appeared in this case on Mr. Price's behalf.[16] Given these circumstances, Plaintiffs' proposed alternative method of service is reasonably calculated to provide Mr. Price notice and actual receipt of the subpoena.

## CONCLUSION

The motion for alternative service[17] is granted. Plaintiffs may serve Mr. Price with the deposition subpoena by emailing it, along with a copy of this order, to the firm email addresses of all four lawyers listed on the docket as Mr. Price's counsel of record.

DATED this 16th day of September, 2025.

BY THE COURT:

_Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge

---

[14] (*Id.* ¶ 10.)

[15] (Ex. A to Opp'n, Doc. No. 162-1 at 2–3.)

[16] (Notices of Appearance, Doc. Nos. 121 & 125; Mots. for Admis. Pro Hac Vice of Joshua D. Cohen & Sean E. Story, Doc. Nos. 123 & 124; Orders Granting Mots. for Admis. Pro Hac Vice of Joshua D. Cohen & Sean E. Story, Doc. Nos. 126 & 127.)

[17] (Doc. No. 156.)